UNITED STATES DISTRICT COURT                b

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MELANIE DEIDRE HALL | CRIMINAL ACTION 1:14-CR-00216-05 |
| VERSUS | CHIEF JUDGE DRELL |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

I.   Procedural Background

Before the Court are two motions filed by Melanie D. Hall ("Hall"). In her first motion, Hall asks the Court for a sentence reduction pursuant to 18 U.S.C. § 3582 and the "Minor Role Amendment" to United States Sentencing Guideline ("U.S.S.G.") § 3B1.2 (Doc. 202).[1] In her second motion, Hall asks the Court to construe her first motion as one pursuant to 28 U.S.C. § 2255 (Doc. 203).

Hall was convicted (with five co-defendants) in the U.S. District Court for the Western District of Louisiana on one count of conspiracy to distribute methamphetamine and sentenced to 78 months of imprisonment. Hall contends that, pursuant to the "Minor Role Amendment" to the U.S.S.G. ("Amendment 794"), she is entitled to a reduction in her sentence.

---

[1] Hall erroneously cites § 3B1.1 (Aggravating Role) instead of § 3B1.2 (Mitigating Role).

II. <u>Law and Analysis</u>

A. <u>Hall's § 3582 motion cannot be construed as a § 2255 motion.</u>

Hall filed a motion to have her motion to reduce sentence pursuant to 18 U.S.C. § 3582 considered as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, instead of § 3582 (Doc. 203).

Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal and that will result in a miscarriage of justice if left unaddressed. Issues as to application of the U.S.S.G. fall into neither category, and hence are not cognizable in a § 2255 motion. <u>See</u> <u>U.S. v. Williamson</u>, 183 F.3d 458, 462 (5th Cir. 1999).

Therefore, Hall's motion to have her § 3582 motion construed pursuant to § 2255 (Doc. 203) is DENIED.

B. <u>Hall is not eligible for a sentence reduction pursuant to Amendment 794 of U.S.S.G. 3B1.2.</u>

Hall contends that she is entitled to a sentence reduction pursuant to Amendment 794 (effective November 1, 2015) of U.S.S.G. § 3B1.2. Amendment 794 amended the Commentary to U.S.S.G. § 3B1.2,[2] which provides for a decrease in offense level for minor and minimal participants.[3] Hall cites Application Note 3 of § 3B1.2 as particularly applicable to her:

---

[2] Amendment 794 did not change the text of § 3B1.2. <u>United States v. Gomez-Valle</u>, 828 F.3d 324, 328 (5th Cir. 2016).

[3] Hall's presentence report (Doc. 185) indicates that Hall's brother and co-defendant, Dexter Hall, stored his methamphetamine at Melanie's house and that Melanie conducted "hand to hand" transactions at Dexter's direction. Dexter apparently controlled the business transactions, and Melanie assisted him by storing the drugs and conducting some of the transactions for him. Hall also contends that, since she has been incarcerated, she has been remorseful about leaving her children,

> For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.
>
> The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

Under § 3582(c), a defendant may have her sentence modified if she was sentenced to a term of imprisonment based upon a sentencing range that was subsequently lowered by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) applies only to retroactive Guidelines amendments, as set forth in Guideline § 1B1.10(a) (the Guidelines policy statement regarding reduction in term of imprisonment for amended Guideline ranges). See United States v. Shaw, 30 F.3d 26, 28-29 (5th Cir. 1994). The Sentencing Commission has stated that, unless an amendment is listed in Guideline § 1B1.10(c), a reduction based on that amendment under § 3582(c) is not consistent with Guideline § 1B1.10's policy statement. See U.S.S.G. § 1B1.1, Application Note 1(A) (May 2008); see also United States v. Porter, 335 Fed.Appx. 408, 410 (5th Cir. 2009)

Since Amendment 794 is not listed in § 1B1.10(c) as an amendment covered by the policy statement, it is not retroactively applicable.

In any event, Amendment 794 would not be retroactively applicable in Hall's case because it was effective on November 1, 2015, and Hall was sentenced on

---

her husband passed away three months after her incarceration, and she has taken advantage of all of the classes offered by the BOP, including GED classes, non-residential drug classes, and a rational self-analysis class.

3

December 18, 2015 (Doc. 181).[4]  Therefore, Amendment 794 (effective November 2015) applied directly to Hall's case.  See Dorsey v. U.S., 132 S.Ct. 2321, 2332, 2334 (U.S. 2012); 18 U.S.C. 33553(a)(4)(A)(ii); U.S.S.G. § 3B1.2, Author's Comments 1(f).[5]  An issue as to whether the sentencing guideline was properly applied should have been raised on direct appeal, and may be raised on collateral review (§ 2255) in a claim of ineffective assistance of counsel.

Accordingly, Hall's motion to reduce her sentence pursuant to § 3582 should be DENIED.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Hall's motion pursuant to 18 U.S.C. § 3582 (Doc. 202) be DENIED.

IT IS ALSO RECOMMENDED that Hall's motion to consider her § 3582 motion pursuant to 28 U.S.C. § 2255 be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from

---

[4] Hall's presentence report, which was adopted at sentencing, shows that Hall did not receive either additional points or a reduction in points for her role in the offense (Docs. 182, 185).

[5] U.S.S.G. § 3B1.2, Author's Comments 1(f), see Federal Sentencing Law and Practice, § 3B1.2, states in part:

> Fourth, the Commission amended Application Note 3(C) by adding a non-exhaustive list of five factors courts should consider when determining whether and to what extent to apply this adjustment. Such a list is consistent with the Commission's finding that the guideline was applied "inconsistently."
>
> Finally, the 2015 amendment further revises Application Note 3(C) by adding a specific example of someone courts should consider for the adjustment. The example describes a defendant who has no "proprietary interest in the criminal activity" and is merely being paid for certain tasks. Many drug couriers and "backpackers" would seem to fit this example.  [Footnotes omitted.]

service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __23rd__ day of November, 2016.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge