RECEIVED
MAR 2 8 2017
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | DOCKET NO.:1:14-cr-216-05 |
| VERSUS | |
| | JUDGE DEE D. DRELL |
| MELANIE HALL | MAG. JUDGE PEREZ-MONTES |

## MEMORANDUM RULING AND ORDER

Before the court is a motion for reduction of sentence filed by Melanie Hall on September 6, 2016. (Doc. 202).

Hall was sentenced by the undersigned to serve a seventy-eight (78) month imprisonment sentence to be followed by a three (3) year term of supervised release for the offense of Conspiracy to Distribute Narcotics – Methamphetamine on December 18, 2015. Hall is currently serving her imprisonment sentence at Aliceville FCI and her projected release date is September 15, 2021.

Hall argues that she is entitled to a reduction in sentence based on newly amended United States Sentencing Guideline §3B1.1 which provides an adjustment for a defendant who did not have a proprietary interest in the criminal activity but was simply being paid to perform certain tasks. Hall contends that the new §3B1.1 language is retroactive and she meets the five factors the court should consider in determining the applicability of a minor role reduction:

1) The degree to which the petitioner understood the scope and structure of the criminal activity;

2) The degree in which the petitioner participated in planning or organizing the criminal activity;

3) The degree in which the petitioner exercised decision [sic] making authority;

    4) The nature and extent of participating in the commission of the criminal activity including the acts the petitioner performed and the responsibility of discretion the petitioner had in performing those acts; [and]

    5) The degree in which the petitioner stood to benefit from the criminal activity.

(Doc. 202).

In considering Hall's argument, the court finds Guideline §3B1.2 applies to what Hall refers to as the minor role reduction, not §3B1.1.[1] Additionally, while a new edition of the United States Sentencing Commission Guidelines was issued after Hall was sentenced[2], the court does not find that the content of either §§3B1.1 or 3B1.2 to be new or retroactive. The only change to the relevant part of the November 1, 2015 U.S Sentencing Commission Guidelines Manual can be found in the Commentary section of §3B1.2. Specifically, Application Note 3(C).

Application Note 3(C) was amended in 2015 to provide a non-exhaustive list of factors for a court's consideration when determining the applicability of a mitigating role adjustment. The non-exhaustive list includes the five factors noted by Hall and set forth above.

The revised commentary also emphasized that the mere fact that a defendant performed an "essential" or "indispensable" role in the criminal activity was not a conclusive factor in determining whether to apply a mitigating role in adjustment and that such defendant, if otherwise eligible, may receive a mitigating role adjustment. The Fifth Circuit has gone further, concluding that the defendant must demonstrate that he or she played only a peripheral role in receiving any mitigating role adjustment, even the 2-level minor participant reduction.

---

[1] Both §§3B1.1 and 3B1.2 are found in "Part B – Role in the Offense". §3B1.1 is entitled "Aggravating Role" and §3B1.2 is entitled "Mitigating Role".
[2] The November 1, 2014 Edition of the United States Sentencing Commission Guidelines Manual was used to determine Hall's sentence as these Guidelines were effect at the time of the offense. A new manual issued incorporating guideline amendments effective November 1, 2015 and earlier.

After careful analysis of the §§3B1.1 and 3B1.2 adjustment, there is nothing that indicates the newly included language in the comment is retroactive. Even if it is, Hall's role and involvement in the conspiracy would still disqualify her from receiving any type of mitigating role reduction. According to the investigative material and presentence report, Hall actively assisted in the distribution. Not only did she allow methamphetamine to be stored at her residence, but she also conducted hand to hand transactions at her brother and co-defendant Dexter Hall's direction on numerous occasions. Accordingly, in considering the five factors stated above, the court finds

1) Hall knew the complete scope of the conspiracy from the location of the stored methamphetamine (her residence) to the scope of individuals involved in the distribution of (dealers) and receipt (users) of the illegal drugs.

2) Hall was complicit in allowing the methamphetamine to be stored at her residence which indicates knowledge of the organization and logistical flow of the narcotics.

3) Since the methamphetamine was stored at Hall's residence, she was in the position of "gate-keeper" of the narcotics, and at any point, she could have decided to stop the storage and distribution from her residence. However, she did not.

4) Hall participated in numerous aspects of the conspiracy.

5) Hall's benefit from the conspiracy is uncertain as the investigative material does not indicate if she was paid in money or provided with any other type of asset/gain for her role in the conspiracy.

The court considered these factors at the time of Hall's sentencing. Even if were examining them for the first time today, we would not find Hall entitled to a minor role reduction for the reasons set forth herein. Accordingly, it is hereby

**ORDERED** that Hall's "Motion to Request a Reduction of Sentence Minor Role Amendment" (Doc. 202) is **DENIED** and **DISMISSED** with prejudice.

**SIGNED** at Alexandria, Louisiana this 28th day of March, 2017.

                                                    **DEE D. DRELL, CHIEF JUDGE**
                                                    **UNITED STATES DISTRICT COURT**